UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDUS APPAREL, USA INC., a New York
corporation,

                              Plaintiff,

                    -v.-

BANGLADESH EXPORT IMPORT COMPANY
LTD., a Bangladeshi corporation; and
DOES 1-20, inclusive,

                              Defendants.

23 Civ. 10426 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

This Order resolves several motions currently pending before the Court,

including, most recently, a motion to amend filed by Plaintiff Indus Apparel,

USA Inc. ("Plaintiff" or "Indus").  By way of procedural background, on

November 29, 2023, Indus filed a complaint against Defendant Bangladesh

Export Import Company ("Defendant" or "Beximco") and several unnamed Doe

defendants, alleging breach of contract, breach of the implied covenant of good

faith and fair dealing, violations of the New York Labor Law ("NYLL"), and

tortious interference with contract.  (Dkt. #1).  Beximco filed an answer and

counterclaims on February 1, 2024 (Dkt. #14), and then filed an amended set

of counterclaims on March 14, 2024 (Dkt. #21); the latter alleged breach of

contract, breach of fiduciary duty, false designation of origin under the Lanham

Act, common-law unfair competition, and unjust enrichment.

After a pre-motion conference was held with the Court on April 16, 2024,

Indus filed a motion to dismiss Beximco's second, third, fourth, and fifth

amended counterclaims, arguing various pleading deficiencies.  (Dkt. #29).

Beximco responded with two submissions:  *First*, on June 12, 2024, Beximco

filed a motion for leave to amend its counterclaims a second time, in order to

replace the unfair competition and unjust enrichment counterclaims with two

additional claims of breach of contract.  (Dkt. #30).  Among other things,

Beximco argued that its proposed amendments reflected a considered view of

Indus's arguments for dismissal, and evinced neither bad faith nor dilatory

conduct.  (*Id.* at 4-5).  What is more, Beximco argued, the proposed

amendments would neither prejudice Indus nor "significantly delay the

resolution of the dispute."  (*Id.* at 3-5 (citing, *inter alia*, *Kassner* v. *2nd Ave.

Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007))).  *Second* and separately,

on June 14, 2024, Beximco filed a memorandum of law opposing Indus's

efforts to dismiss the second and third amended counterclaims.  (Dkt. #31).

On June 26, 2024, Indus filed its opposition to Beximco's request to

amend.  (Dkt. #32).  As relevant here, Indus agreed with Beximco that the

motion implicated both Rule 15 and Rule 16 of the Federal Rules of Civil

Procedure, the former of which counseled courts to "freely give leave when

justice so requires," Fed. R. Civ. P. 15(a)(2), and the latter of which required a

showing of "good cause," Fed. R. Civ. P. 16(b)(4).  Indus argued that Beximco

had not shown the requisite diligence, much less good cause, for its untimely

amendment request, and that amendment would prejudice Indus by extending

discovery and necessitating a second round of motion briefing.  Two days later,

Indus filed its reply brief in further support of its motion to dismiss (Dkt. #33),

2

and five days after that, Beximco filed its reply brief in further support of its motion to amend (Dkt. #34).  These motions remain pending before the Court.

Somewhat surprisingly, given its earlier opposition, Indus moved on December 12, 2024, for leave to amend its complaint to add corporate-veil-piercing and alter-ego-liability allegations, as well as a fraud claim against Beximco and several of its affiliates.  (Dkt. #76).  While again citing Rules 15 and 16, Indus maintained that it (in supposed contrast to Beximco) had shown both diligence and good cause, inasmuch as the information supporting its amendments had only come to light in discovery, in particular, through "recent deposition testimony given by Beximco-affiliated witnesses."  (*Id.* at 4).  Indus also contended that Beximco would not be prejudiced by the amendments because additional fact discovery was not necessary.  (*Id.* at 8-9).

Beximco responded on December 26, 2024, with its own *volte-face.*  (Dkt. #77).  After disclaiming reliance on arguments of malice or futility (*id.* at 4 n.2), Beximco argued — as Indus had previously with respect to Beximco — that Indus had not shown good cause for its proposed amendments; that Indus had been, or should have been, aware much earlier of the relevant facts and contractual provisions showing that "Beximco's affiliates received order payments that were not subject to commissions" (*id.* at 7); and that Beximco would be prejudiced by amendment of the relevant pleadings after the conclusion of fact discovery (*id.* at 10-15).

Indus filed its reply submission on January 2, 2025.  (Dkt. #80).  The motion to amend is now fully briefed and ripe for resolution.

3

## APPLICABLE LAW

When considering a motion for leave to amend near or after the close of fact discovery, a court's analysis is guided by two Federal Rules of Civil Procedure.  Rule 15(b)(2) authorizes a party to "move — at any time, even after judgment — to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."  Fed. R. Civ. P. 15(b)(2).  When considering a motion for leave to amend pursuant to Rule 15(b)(2), the court "should freely give leave [to amend] when justice so requires," as further set forth by Rule 15(a)(2).  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has correspondingly held that a court may deny such a motion only on the grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility."  *Quaratino* v. *Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).  "[T]he permissive standard of Rule 15 is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits," rather than on pleading technicalities.  *Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks omitted) (citing *Williams* v. *Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam)); *see also Foman* v. *Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits."); *see generally In re Tether & Bitfinex Crypto Asset Litig.*, No. 19 Civ. 9236 (KPF), 2024 WL 3520363, at *6 (S.D.N.Y. July 24, 2024).

By contrast, Rule 16(b) dictates that where "a party files a motion to amend after the pleading deadline set forth in the case management plan and scheduling order," she "must establish 'good cause' to amend [her] pleadings." *Pristine Jewelers NY, Inc.* v. *Broner*, 492 F. Supp. 3d 130, 131 (S.D.N.Y. 2020) (citation omitted).  In contrast to the permissive standard of Rule 15, the "good cause" requirement of Rule 16(b) "is not a forgiving standard."  *Mangahas* v. *Eight Oranges Inc.*, No. 22 Civ. 4150 (LJL), 2023 WL 3170404, at *3 (S.D.N.Y. May 1, 2023).  "To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met."  *Scott* v. *Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014).  Stated differently, "the good cause standard of Rule 16 is not satisfied when the proposed amendment rests on information that the party knew or should have known, in advance of the deadline."  *Sherman* v. *Fivesky, LLC*, No. 19 Civ. 8015 (LJL), 2020 WL 5105164, at *1 (S.D.N.Y. Aug. 31, 2020) (internal quotation marks and citation omitted).  As with the Rule 15 analysis, "[t]he [c]ourt 'also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [non-movants].'"  *Weng* v. *HungryPanda US, Inc.*, No. 19 Civ. 11882 (KPF), 2021 WL 1750305, at *2 (S.D.N.Y. May 4, 2021) (quoting *Kassner*, 496 F.3d at 244).

While the Rule 15 and Rule 16 standards "share some overlapping factors, there remain important differences."  *Schleifer* v. *Lexus of Manhattan*, No. 17 Civ. 8789 (AJN), 2018 WL 11593271, at *2 (S.D.N.Y. Nov. 21, 2018).

"Chief among these [differences] is that the burden under Rule 16(b) lies with the party seeking to amend, while under Rule 15(a) it is on the opposing party to make a showing of prejudice or bad faith." *Id.* (citing *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Block* v. *First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  Accordingly, to determine whether leave to amend should be granted near or after the close of fact discovery, courts must first determine whether the movant has met its burden to establish good cause, and then determine whether the opposing party can rebut such a showing by establishing prejudice or bad faith.  *See AT&T Corp.* v. *Atos IT Sol'ns & Servs., Inc.*, 714 F. Supp. 3d 310, 323 (S.D.N.Y. 2024) (remarking that "the standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of Rule 15" (internal quotation marks and citation omitted)).

Ultimately, whether to permit amendment in light of Rules 15 and 16 is a decision that lies within the court's discretion.  *See Kassner*, 496 F.3d at 243 (acknowledging "the trial court's general discretion to limit, by means of a scheduling order entered under Rule 16(b), the time during which the pleadings may be amended"); *Foman*, 371 U.S. at 182 (holding that "the grant or denial of an opportunity to amend [under Rule 15] is within the discretion of the District Court").

## DISCUSSION

The Court begins by noting that, while it had previously been as convinced as the parties that the "good cause" standard of Rule 16 was implicated by their respective motions to amend, it is now less certain. In *Sacerdote* v. *New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022), the Second Circuit found that a scheduling order that set a deadline of ten days for amending without leave of court, but set no expiration date after which all amendments were prohibited, did *not* trigger "the stricter Rule 16(b)(4) 'good cause' standard thereafter." Instead, the Court observed, the district court should "also [have] set a deadline after which even amendments *with* leave of Court would not be permitted." *Id.* (emphasis in original). More recently, in *Stanley* v. *Phelon*, No. 23-731-cv, 2024 WL 1453872, at *6-7 (2d Cir. Apr. 4, 2024) (summary order), the Second Circuit found that a district court's individual rule of practice that warned litigants that "[i]f the non-moving party elects not to amend its pleading, no further opportunity to amend will ordinarily be granted, and the motion to dismiss will proceed in the normal course" — despite being "more equivocal than the language described in *Sacerdote*" — nonetheless triggered the Rule 16(b)(4) "good cause" standard.

This Court's case management plan form recites that, after the plan's filing, amendments to the parties or the claims can only be made with leave of the Court, and specifies a deadline within which such motions may be filed. (Failla Civil Case Management Plan and Scheduling Order Form ¶ 4). While

this Court intended this provision to trigger the "good cause" standard of Rule 16(b)(4), it acknowledges that the Second Circuit may find the provision to be insufficiently explicit under its recent decisions. As it happens, however, the conflict is largely academic, because the Court finds that Indus satisfies the standards of both Rules 15 and 16.

Beginning with the more stringent standard of Rule 16, the Court finds that Indus has demonstrated good cause for its delayed request for amendment, namely, the fact that it did not have all of the information it needed to support the new allegations until after fact discovery had concluded. (Dkt. #76 at 3-6; Dkt. #80 at 3-7. And while Beximco observes that it has consistently claimed that its affiliates were entitled to receive, and did receive, payments for orders that were outside of the scope of the parties' agreement (Dkt. #77 at 5-7), the Court accepts Indus's representations that the "new information shows far greater degrees of control exercised by Beximco's officers over its alter-ego affiliates than Indus previously knew — a fact confirmed by Beximco's attempt to show the contrary." (Dkt. #80 at 6; *see also id.* at 1 n.2 ("Discovery clarified that Beximco's interpretation of the Agreement is not only meritless but fraudulent, and Beximco's failure to oppose Indus's motion as futile underscores the merit and necessity of the Proposed FAC."), 4 (outlining evidentiary bases for fraud claim), 5 ("Indus did not know that information [concerning the purported fraudulent invoicing scheme] until the depositions of Beximco's witnesses, which justifies Indus's request to amend.")). And having concluded that Indus has shown good cause to amend, the Court is necessarily

finding that Indus acted with the appropriate degree of diligence and without bad faith; that Indus's proffered bases for amendment satisfy the Court's directive that no further extensions would be permitted absent "exigent circumstances" (Dkt. #16, 38); that the resulting delay was not undue; and, as Beximco elected not to challenge, that the proposed amendments are not futile. *See generally AT&T Corp.*, 714 F. Supp. 3d at 326 n.14 ("Where the deadline for asserting additional claims or defenses set forth in the scheduling order has passed, courts commonly find that a party acts diligently if it seeks leave to amend within approximately two months of acquiring information of a new claim or defense." (internal citations omitted) (collecting cases)).

The question of prejudice is slightly more complicated, insofar as fact discovery has all but concluded. After reviewing the parties' submissions, the Court agrees with Indus's position that "[t]here is thus no additional fact discovery of Indus that Beximco would need to take to address these new allegations." (Dkt. #76 at 8). After all, any fact discovery on the issue issues implicated by the amendments would already be in the possession of Beximco or its affiliates. To the extent that Beximco is correct that additional expert discovery is warranted (Dkt. #77 at 12-13), the Court will consider seriously any reasonable requests for same.

The Court also recognizes that the amendments to the operative complaint may prompt dispositive motion practice on Beximco's part. However, one benefit of allowing Indus to amend its complaint is that Beximco will correspondingly be permitted to amend its counterclaims, thereby

obviating the need to renew that motion.  Similarly, to the extent that Indus wishes to renew its motion to dismiss certain of Beximco's counterclaims (and the Court cautions Indus to think carefully before so doing, given the amount of time that has passed and the Court's desire to proceed to dispositive motion practice), Beximco has previously acknowledged that renewal of the motion to dismiss can be done on an expedited basis.  (*See* Dkt. #30 at 5 ("If leave is granted, Beximco Ltd. assumes that Indus will move to dismiss again and is happy to brief that motion on an expedited basis considering that all or substantially all of it will be a rehash of arguments already made."); *see also* Dkt. #34 at 5-6).  For all of these reasons, the Court will grant Indus's motion for leave to amend, and deny as moot the parties' other motions.

## CONCLUSION

For the reasons outlined above, the Court GRANTS Indus's motion for leave to amend its complaint.  Indus shall file the Proposed Amended Complaint on or before **January 13, 2025**, and Beximco shall file an answer or pre-motion letter on or before **February 3, 2025**.  To the extent that Beximco files an answer, the parties shall meet and confer and provide a joint letter on or before **February 14, 2025**, that outlines proposed next steps in the case, including (i) a schedule for the completion of all discovery, (ii) a summary of all outstanding discovery disputes, and (iii) a proposed schedule for any contemplated motion.  To the extent Beximco files a pre-motion letter, the Court will promptly set the matter down for a pre-motion conference.

The Court DENIES AS MOOT the pending motions of Indus to dismiss certain counterclaims and of Beximco to further amend its counterclaims.  The Clerk of Court is accordingly directed to terminate the motions pending at docket entries 29, 30, 75 and 76.

SO ORDERED.

Dated:    January 6, 2025
             New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

11